# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SCOTT A. YOUNG, II, and<br>COREY BOWNE, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No.: _____ |
| v. | )<br>) **(Removed from the Circuit Court of Boone**<br>) **County, Case No. 17BA-CV02473)** |
| FLAGSTAR BANK, INC. AND<br>FLAGSTAR BANK, F.S.B., | )<br>) |
| Defendants. | |

## Notice of Removal

Defendants Flagstar Bank, FSB and Flagstar Bancorp, Inc. (incorrectly named in the complaint as "Flagstar Bank, Inc.") (collectively, "Flagstar" or "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of the removal of this action to the United States District Court for the Western District of Missouri, Central Division. As grounds for this removal, Flagstar states as follows:

## I. Procedural Background

1. On or about January 25, 2017, Plaintiffs Scott A. Young and Corey Bowne ("Plaintiffs") commenced an initial action by filing a Complaint against Flagstar in the Circuit Court of Boone County, Missouri, Case Number 17BA-CV02473.

2. The Circuit Court of Boone County is a state court within this district and division. 28 U.S.C. § 105(b)(1).

3. Flagstar Bank FSB was purportedly served with Summons and a copy of the Complaint on July 21, 2017. A copy of all pleadings filed in the action are attached hereto as **Exhibit A**. Flagstar Bancorp, Inc. has not been served with Summons and a copy of the Complaint.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides, in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ******
>
> [A] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action.

5. Flagstar Bank, FSB was purportedly served with Plaintiffs' Complaint on July 21, 2017; therefore this notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Complaint upon Defendant Flagstar Bank, FSB and because this action was commenced less than one year ago.

6. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides, in pertinent part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

7. As shown herein, this case is properly removable based on diversity jurisdiction.

## II. Diversity of Citizenship

8. This action is properly removable under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States ....

9. The amount in controversy requirement is met.[1] Plaintiff contends that Flagstar has wrongfully retained funds in the amount of $481,326.47, resulting in a "profit" to Flagstar in the amount of $324,413.47. *Compl.* at ¶ 27. Additionally, Plaintiff requests punitive damages in an unspecified amount, which should also be considered for purposes of determining the amount in controversy. *State of Mo. Ex rel. Pemiscot Cnty. Mo. V. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995); *Wiemers v. Good Samaritan Society*, 212 F. Supp. 2d 1042, 1046-47 (N.D. Iowa 2002).

10. Based on the allegations in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs, and thereby satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332.

11. Plaintiffs are citizens of the State of Missouri. Compl. ¶ 1. Plaintiffs do not allege they are citizens of the state of Michigan.

12. Neither Flagstar Bank, FSB nor Flagstar Bancorp, Inc. is a citizen of Missouri. Flagstar Bank, FSB is a federally chartered stock savings bank with its principal office and corporate headquarters located in Michigan. Flagstar Bancorp, Inc. is a Michigan corporation, with its principal place of business and headquarters in Michigan.

---

[1] Plaintiff further contends the amount of the mortgage secured by the property is $115,913.00 and that a foreclosure sale of the property resulted in the foreclosure of said loan. Compl. ¶ 7.

13. As neither Flagstar Bank, FSB nor Flagstar Bancorp, Inc. is a citizen of Missouri, complete diversity of citizenship exists between Plaintiff and Defendants.

### III. All Other Requirements for Removal Are Satisfied

14. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

15. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Boone County, Missouri, the forum in which the civil action was pending. *See* 28 U.S.C. § 105.

16. Flagstar has not previously removed this action.

17. No other defendants are named in the Complaint. Flagstar Bank, FSB was purportedly served, but defendant Flagstar Bancorp, Inc. (incorrectly named in the complaint as "Flagstar Bank, Inc.") has not been served. As such, all named defendants who have been served have joined in the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

18. Flagstar Bank, FSB herein reserves the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal. Further, in filing this Notice of Removal, Flagstar Bank, FSB does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, rights, and motions.

19. A copy of this Notice is being filed with the Clerk of the Circuit Court of Boone County, Missouri, as provided under 28 U.S.C. § 1446. Flagstar is also giving prompt written notice to Plaintiffs of the filing of this Notice of Removal.

WHEREFORE, Flagstar Bank, FSB respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit

Court of Boone County, Missouri to the United States District Court for the Western District of Missouri, Central Division, and for such other and further relief as is just and equitable.

Dated this 18th day of August, 2017.

>Respectfully submitted,
>
>**/s/ A. Michelle Canter, Esq.**
>A. Michelle Canter, KS Bar # 15690
>Bradley Arant Boult Cummings LLP
>4720 Peachtree Industrial Blvd. #106
>Norcross, GA 30071
>205-521-8650
>mcanter@bradley.com
>ATTORNEYS FOR FLAGSTAR BANK, FSB

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2017, I served a copy of the foregoing via United States Mail, first-class postage prepaid and addressed to the regular mailing address as follows:

Corey Bowne
Scott Young
600 North Mulberry Street Lot 39
Fayette, Missouri 65248

>/s/ **A. Michelle Canter**
>A. Michelle Canter